## Linville's Distributee v. Linville's Adm'x et al.

(Decided March 24, 1936.)

B J. BETHURUM for appellant.

H. C. KENNEDY and W. O. HAYS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

W. F. Linville died testate a resident of Pulaski county, Kentucky, and his will was duly probated.

The items of his will involved in this litigation read:

"4. To wife Sabra Linville, bequeath the remainder of my estate both real and personal in the following manner—$500 cash; and the use of the house where we now live in Somerset, Kentucky, the same to be shared by father and mother during their life or so long as either ·of them desire to inhabit the same; when said father or mother shall vacate said premises either by desire or demise then it shall belong to my widow the said Sabra Linville, so long as she inhabits the same.

"5. Remainder of my property to be converted in cash, as speedily as may be done without sacrifice; the proceeds thereof to be placed on interest, and from the said sum, the sum of $20.00 per month to be paid to my wife Sabra Linville until she shall have reached the age of thirty years; and after that time she is to be paid the sum of $30.00 per month until she has reached the age of forty years; after which time she is to be paid the sum of $35.00 per month until she reaches the age of fifty; and then to be paid the sum of $40.00 per month as long as she lives or so long as the funds last.

"6. All the foregoing bequests to be paid exclusive ·of doctor's bill for professional services and for medical attention which when necessary are to be paid out of said fund on behalf of my said wife and any said funds thus paid are not to be deducted from the monthly allowances as aforesaid. * * *

"10. Nominate the First National Bank of Somerset, Kentucky, as executor."

The bank nominated in the will as executor, failed to qualify as such, and Lola L. Hail, a sister of the testator, was appointed and qualified as administratrix with the will annexed, of the estate of the testator. Appraisers of the state were appointed and filed their appraisement showing the estate of the testator consisted of lands in the value of $9,298 and personal property in the sum of $10,085.85.

In October, 1930, the administratrix filed in the Pulaski county court clerk's office her settlement of the estate to which no exceptions were filed, and the settlement was duly approved and confirmed by the judge of the Pulaski county court.

In August, 1934, the plaintiff, Sabra Linville, widow of the testator and a distributee of his estate under the will, filed her petition in equity in the Pulaski circuit court against the administratrix and her surety, New York Indemnity Company, asking that the settlement of the administratrix be surcharged and for a construction of the will and a determination of her rights thereunder.

The chief complaint directed to the settlement of the administratrix is that she paid to herself as a creditor of the estate certain sums of money aggregating the sum of $4,379.69.

It is alleged that the various items included in the sum paid to herself were not proven as required by the statute, and therefore the payment of same was illegal, and that the administratrix should be charged with and account for said sum of $4,379.69. It was further alleged that the administratrix had failed to comply with that part of the will requiring testator's estate to be converted into cash, and that she had failed to pay the plaintiff the monthly payments provided for in the will, although she had sufficient funds of the estate in her hands to make such payments. Defendant filed motion to require the plaintiff to make her petition more speicfic and definite, and also a motion to strike certain allegations therefrom, and without waiving said motions, she filed her separate answer denying certain material allegations of the petition and denied that she had any funds in her hands with which to pay plaintiff the sums provided for in the will, but admitted, however, that certain lands owned by the testator at the time of his death had not been sold and converted into cash as required by the will, and assigned as reason therefor that the depression came on and the lands not disposed of became greatly depreciated. She further pleaded that all the claims paid to herself out of the estate of the testator were all just claims against the estate of the decedent and were all due and unpaid, and that there was no offset or discount against them or either of them and no usury embraced therein.

She filed with her answer proofs of the claims she allowed to herself for the sum of approximately $1,400, for services rendered her brother as deputy circuit court clerk, which claims were supported by the affidavits of the plaintiff stating that she believed the claims to be just and correct and assigned for her reasons for such belief that she was the wife of the deceased, W. F. Linville, at the time such debts or claims were created, and was familiar with his business and knew of her own knowledge that the claimant, Lola L. Hail, as deputy circuit clerk, handled and managed the office of Pulaski circuit clerk for her brother, W. F. Linville, and that same had never been paid. Certain other sums of money which the administratrix allowed to herself as a creditor of the estate were supported by affidavits of the plaintiff similiar to the one above.

The plaintiff filed a demurrer to the answer, which demurrer was overruled by the court, and plaintiff failing to plead further, the court entered judgment dismissing her petition, and she appeals.

It is insisted that the demurrer to the answer should have been sustained because certain claims allowed by the administratrix, including the ones allowed to herself and perhaps others, were proven only by the plaintiff, the widow of the testator, who stated in her affidavits that she was the wife of the testator at the time such alleged claims or indebtedness were created, and, therefore, she was an incompetent witness under section 606 of the Civil Code of Practice.

We do not think the language used in the affidavit discloses that the plaintiff acquired her knowledge of the claims through any private communication between herself and husband by reason of being his wife. Any other member of the testator's household or business associates could have acquired such knowledge, and the mere fact that the plaintiff was his wife did not render her an incompetent witness to prove the claims. The husband or wife is not a competent witness to establish his or her own claim against the deceased spouse, if seasonably objected to, but if such testimony is not objected to at the time, it will be treated as waived. Tolly et al. v. Champion, Ex'x, 191 Ky. 114, 229 S. W. 90. In the present case the wife did not testify as to a claim owed her by her deceased husband, but was merely a witness for a third party.

Exceptions to testimony because of incompetency ·of the witness will be deemed waived when there are no objections made, and if objected to, the court must be required to rule on the exceptions thereto. Hale v. Hale, 189 Ky. 171, 224 S. W. 1078.

It does not appear that any exceptions were filed to the competency of plaintiff's affidavit, which she voluntarily made, and she permitted the settlement to be approved by the county court. Nor were there any exceptions filed to such testimony in the circuit court. She merely relies upon the demurrer. If it should be conceded that her affidavit was incompetent, there is no escape from the conclusion that she waived such incompetency in both the county and circuit court by voluntarily giving such evidence which was against her own interest, and thereafter acquiescing therein. She cannot now complain of the incompetency of such evidence, and the answer presented a defense as to the proof of claims. But this does not mean that the court should have dismissed the plaintiff's petition. Plaintiff alleged that the administratrix had sufficient funds of the estate in her hands to pay the sums required to be paid to her under the will, which allegation was denied. This made an issue of fact and could not be reached by demurrer. And, furthermore, plaintiff was entitled to a construction of the will and a determination of other questions raised.

The administratrix allowed herself 5 per cent commission on all sums of money distributed by her, including that paid to herself. It is the settled rule that administrators are not entitled to a commission on money paid to themselves, and this item should not have been allowed, and the allowance of it by the county court is not conclusive. Plaintiff brought her action in due time to surcharge the settlement, and all items not payable or allowable as a matter of law should have been surcharged.

The judgment is reversed and remanded for proceedings consistent with this opinion.